FILED
JEANNE A. NAUGHTON, CLERK
AUG 2 2018
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

JONATHAN CHASE HUTT,        Case No. 17-35499 (JNP)
                                          Chapter 13

       Debtor.

-------------------------------------------------X

LAURIE HANKINSON,

       Plaintiff,

v.                                         Adv. No. 18-01155

JONATHAN CHASE HUTT,

       Defendant.

-------------------------------------------------X

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

       Before the Court is the Plaintiff's Motion to Strike portions of the Defendant's Amended Answer, which has arisen from the Plaintiff's Complaint to determine that the Plaintiff's claim is not dischargeable. The Motion to Strike alleges that the Amended Answer contains material that is irrelevant, nonresponsive and prejudicial. The Defendant argues that the allegations in his Amended Answer are necessary to establishing his Affirmative Defenses. The Motion to Strike will be granted because the allegations are immaterial to the claim, irrelevant to the Defendant's Affirmative Defenses, and prejudicial to the Plaintiff.

**JURISDICTION AND VENUE**

       The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as

amended September 18, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), & (I). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

The Complaint alleges the following facts. Laurie Hankinson (the "Plaintiff") and Jonathan Chase Hutt (the "Defendant") formed Megaurie, LLC ("Megaurie") on July 18, 2014 and GEM Promotions, LLC ("GEM") on October 29, 2014 (collectively, the "Companies"). The membership interests of the Companies consisted of the Plaintiff and the Defendant. The Plaintiff made capital investments in the Companies and the Defendant member-managed the Companies. The Plaintiff alleges that the Defendant embezzled vast sums of GEM's funds through unlawful withdrawals, totaling approximately $430,261.00 and used those funds to finance his gambling habit and lend money to a family member. Additionally, the Plaintiff alleges that the Defendant conducted fraudulent business with customers and is refusing to disclose the Companies' tax information.

To resolve these issues, the parties entered into a settlement agreement (the "Settlement"), on September 13, 2017. However, the Plaintiff later filed a complaint in state court (the "State Court Complaint") alleging the Defendant breached the terms of the Settlement. The State Court Complaint sought monetary damages as well as injunctive relief compelling the Defendant to provide the Plaintiff with access to information from state and federal taxing authorities. On December 20, 2017, while the state court action was pending, the Defendant filed his Chapter 13 bankruptcy petition.

The Plaintiff then filed a complaint (the "Complaint") against the Defendant on March 22, 2018, objecting to the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). The First Count alleges the Defendant obtained the Plaintiff's property under false pretenses, false representations or by actual fraud. The Second Count alleges that the Defendant

failed to safeguard the Plaintiff's investments by way of fraud or defalcation while acting in a fiduciary capacity or larceny. Finally, the Third Count alleges the Defendant caused willful and malicious injury to the Plaintiff's property. The Complaint alleges that, due to the Defendant's actions, the Companies have incurred substantial debt to creditors, and her personal and professional reputation has been severely damaged.

After the Defendant filed his initial answer, the Plaintiff filed a Motion to Strike Portions of the Defendant's Answer (the "Motion") pursuant to Fed. R. Civ. P. 12(f), made applicable by Fed. R. Bankr. P. 7012, as immaterial, impertinent, scandalous, and nonresponsive. Dkt. No. 4. The Defendant then filed the Amended Verified Answer to the Complaint (the "Amended Answer"). Dkt. No. 6. The Plaintiff filed a response acknowledging that part of her motion had been resolved by the Amended Answer, but asserted the Amended Answer still falsely accuses her of various criminal activities. Dkt. No. 7. Rule 12(f), provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

The Amended Answer asserts several affirmative defenses. Of relevance here are the second, third, and fourth defenses (collectively, the "Affirmative Defenses"). The Plaintiff seeks to strike the allegations in the Affirmative Defenses. The second affirmative defense asserts Equitable Estoppel; the third asserts the Doctrine of Unclean Hands; and the fourth states, "Plaintiff caused all damages alleged by her own conduct." Included as a part of the Affirmative Defenses are allegations concerning the Plaintiff's conduct dating as far back as 2007, prior to the formation of the Companies. For example, each of these defenses contains accusations that the Plaintiff stole from her former employers, "Accents" and "Trump Plaza." The Defendant argues that all content is necessary and relevant to furthering the Affirmative Defenses.

A hearing was held on July 10, at which the parties submitted additional argument and the Court took the matter under advisement.

## DISCUSSION

Rule 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f). However, courts have consistently found that "[m]otions to strike are generally viewed with disfavor, and should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). The burden is on the movant to identify the information she seeks to have struck and why such information is improper. See In re DBSI, Inc., 2011 WL 607398, at *4 (Bankr. D. Del. 2011). In order to succeed on a motion to strike, the movant must show that the allegations or material being challenged are so unrelated to the respondent's claims or defenses that they are unworthy of any consideration as a defense, and that the movant is prejudiced by the presence of the allegations in the pleading. See Great W. Life Assurance Co. v. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993).

For example, in Symbol Technologies, the plaintiff sought to strike language in the defendant's answer that challenged the plaintiff's motives to lawfully enforce their patents, without responding to the allegations in the complaint. Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 359 (D. Del. 2009). The portion of the answer at issue was an "Introduction and Summary" section that alleged additional facts which included an accusation that the plaintiff's motive to sue the defendant was not to protect their patents, but to protect the plaintiff's position in the marketplace. Id. The court granted the plaintiff's motion to strike this portion of the defendant's answer on the grounds that the "Introduction and Summary" section was unrelated in any substantive way to the defendant's equitable defenses. Id.

For the Plaintiff to prevail, she must demonstrate that the content at issue bears no possible relation to the controversy, or that the Affirmative Defenses cannot succeed under any

4

circumstances. See Ailey v. Midland Funding, LLC, 2011 WL 3049283, at *3 (E.D. Ten. 2011). Finally, the Plaintiff must show that the allegations would prejudice her because "there can be no harm in letting [the content] remain in the pleadings if, as the Plaintiff contends, they are inapplicable." Id. at *4. The burden then shifts to the Defendant to prove such Affirmative Defenses. Id.

At the hearing, the Plaintiff identified the allegations in the Affirmative Defenses that she seeks to strike. The Plaintiff argues that this material contains allegations of criminal activity and facts unrelated to business between her and the Defendant, and therefore it must be struck on the grounds that it does not respond to the Complaint and prejudices her. As the disputed material contains allegations of fraudulent or criminal activity, the Court finds it could prejudice the Plaintiff. Thus, the Plaintiff must only show that the allegations bear no relevance to the matter before the Court or to the Defendant's Affirmative Defenses.

The Court must determine whether it is "clearly apparent" that any of the defenses are insufficient, See Symbol Techs., 609 F. Supp. 2d at 355, or if the factual allegations are relevant to establishing the Affirmative Defenses. See Seidel v. Lee, 954 F. Supp. 810, 812 (D. Del. 1996). According to the Rule of Evidence, 401 evidence is "relevant" if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

As noted, the Motion requests that the allegations contained in the second Affirmative Defense, Equitable Estoppel, be stricken. The Defendant maintains that these allegations are necessary to establish this defense. Equitable Estoppel prevents a party from taking a position inconsistent with an earlier position upon which another party reasonably relied. In re Rowland, 275 B.R. 209, 217 (Bankr. E.D. Pa. 2002). In order to establish an equitable estoppel defense, the party asserting such defense must establish that: (1) a representation of material fact was made to

5

the party; (2) such party had a right to, and did, rely on the representation; and (3) that denial of the representation by the party making it would injure the relying party. Id.

The second Affirmative Defense alleges that the Plaintiff made the representation to the Defendant that she was taking products from Accent's retail stores to use as samples for future business, but would instead collect these products for her own use in an "Ebay scheme." If it is accepted as true that the Plaintiff made this representation to the Defendant and the Defendant had relied on such, the Defendant's reliance on this representation would not form the basis of a defense to the allegations against him in the Complaint. Thus, the Defendant would not be injured through his reliance. Therefore, these allegations are not relevant to establishing an equitable estoppel defense. See Forman v. Amboy Nat'l Bank, 361 B.R. 68, 78 (Bankr. D.N.J. 2007). As these facts are unrelated to the controversy before the Court, to establishing this defense and, as aforementioned, could prejudice the Plaintiff, this material will be stricken. See Levithan, 834 F. Supp. at 864.

The Motion additionally requests that the allegations in the third Affirmative Defense, Unclean Hands, be struck. However the Defendant maintains that these allegations are necessary to establish this defense. Application of the "Unclean Hands" doctrine has been described in In re O'Brien as, "applicable when . . . a party seeking affirmative relief . . . is guilty of conduct involving fraud, deceit, unconscionability, or bad faith . . . ." 423 B.R. 477, 492 (Bankr. D.N.J. 2010) (quoting Castle v. Cohen, 840 F.2d 173, 627 (3d Cir. 1988)). "Unclean hands" are those "tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Id. (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). However,

> [t]he primary principle guiding application of the unclean hands doctrine is that the alleged inequitable conduct must be connected, i.e. have a relationship, to the matters before the court for resolution. We will not refuse relief to a party merely because it

6

> has engaged in misconduct which is unrelated to its claims before the court. Only when 'some unconscionable act of one coming for relief has immediate and necessary relation to the equity that' that party seeks, will the doctrine bar recovery.

New Valley Corp. v. Corporate Property Assoc., 181 F.3d 517, 525 (3d Cir. 1999). In short, "the alleged inequitable conduct must be connected, [or] have a relationship, to the matters before the court for resolution." O'Brien, 423 B.R. at 493 (quoting New Valley Corp. v. Corporate Prop. Assocs. 2 & 3, 181 F.3d 517, 525 (3d Cir. 1999)) (emphasis added).

The allegations used to support this defense concern the Plaintiff's actions long before the creation of the Companies. This Affirmative Defense asserts that the Plaintiff stole from Trump Plaza and gave out stolen goods to friends and family, as well as having involved fellow employees in her theft. These facts do not further the Unclean Hands defense because they are not connected to, or have a direct relationship with, the matter before this Court concerning the parties' conduct in relation to the creation or operation of the Companies. Additionally, these facts also could prejudice the Plaintiff as they again contain criminal allegations. Therefore this material will be stricken. See Levithan, 834 F. Supp. at 864.

Finally, the Motion requests that the allegations contained in the fourth Affirmative Defense be struck. The Defendant also maintains that the allegations included in this Affirmative Defense are necessary to establish this defense. However, the Defendant has not provided the Court with a sufficient argument to establish that this is a valid legal defense. Thus, these allegations will be struck since the insufficiency of the defense is "clearly apparent." See Symbol Techs., 609 F. Supp. 2d at 356.

## CONCLUSION

For the reasons set forth above, the Motion to Strike will be granted, as the allegations included in the Affirmative Defenses are immaterial, irrelevant, and prejudicial. However, note that the language struck from the Amended Answer will not be precluded from being used at

trial. The Amended Answer will be edited accordingly, removing the allegations that follow the first sentences of the second, third, and fourth Affirmative Defenses.

Dated:   August 2, 2018

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE